UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
KAREN VENDITTO, individually and on          \
behalf of all other persons similarly situated,

Plaintiff,
v.
                                                                        Civil Action No.: 1:18-cv-10020-NMG

MIDLAND FUNDING, LLC and MIDLAND
PORTFOLIO SERVICES, INC.,

Defendants.
_____/

## PLAINTIFF'S MOTION TO REMAND

Plaintiff, through the undersigned counsel, requests this court remand this case to Suffolk Superior Court for failure to comply and for lack of subject matter jurisdiction.

A class action can be removed under the Class Action Fairness Act ("hereinafter as "CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant) (28 U.S.C. § 1332(d)(2)); (2) there are at least 100 putative class members (28 U.S.C. § 1332(d)(5)(B)); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs (28 U.S.C. § 1332(d)(2)); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief (28 U.S.C. § 1332(d)(5)(A)), and (5) the 30-day deadline for removal is met (28 U.S.C. § 1446(b)).

## REMAND IS PROPER BECAUSE DEFENDANTS FAILED TO MEET THEIR BURDEN OF SHOWING THAT THIS AMOUNT-IN-COUNTROVERSY REQUIREMENT HAS BEEN MET

The defendants bear the burden of showing that this amount-in-controversy requirement has been met, as they seek removal under CAFA.  See *Amoche v. Guar. Trust Life Ins. Co.,* 556

F.3d 41, 48 (1st Cir. 2009) (justifying this burden in part by the "general rule of deference to the plaintiff's chosen forum"). To meet that burden, the defendants must show a "reasonable probability" that more than $5 million is in dispute in this case. *Id.* at 50. That standard is "for all practical purposes identical to" the preponderance of the evidence standard. *Id.*

The decision as to whether the defendants have met their burden "may well require analysis of what both parties have shown." *Id.* at 51. Thus, it is not enough for the plaintiffs to "[m]erely label[] the defendant's showing as 'speculative' without discrediting the facts upon which it rests." *Id.* But in evaluating what both parties have shown, we may consider "which party has better access to the relevant information." *Id.*

Defendants rely on a Declaration of Greg Gerkin, Corporate Counsel, Legal Affairs & Compliance, for Midland Credit Management, Inc., in meeting their burden under CAFA with regards to the amount-in-controversy. First, paragraph 3 of the Declaration of Greg Gerkin states, "Midland Funding LLC is a debt buying company that purchases and holds debts. It has no employees and engages in no activities in the Commonwealth of Massachusetts.", which is simply not true. Defendant, Midland Funding LLC, registered with the Corporations Divisions for the Commonwealth of Massachusetts to conduct business in the Commonwealth of Massachusetts. On February 15, 2017, the Massachusetts Appellate Division of the District Court Department found in *Midland Funding, LLC v. Juba*, No. 16-ADMS-40011 that Defendant, Midland Funding, LLC was a debt collector and did engage in activities in the Commonwealth, stating "There is no controlling Massachusetts precedent on this issue, although the applicability of G.L c. 93, § 24 to buyers of defaulted consumer debt has been addressed thoughtfully in the trial court. See e.g., *Gomes v. Midland Funding, LLC*, Suffolk Superior Court, No. SUCV201 l-01469 (Sept. 19, 2012) (denying 12(b)(6) motion to dismiss G .L. c. 93A claims against Midland where plaintiff alleged that Midland was "actively engaged in the debt collection business" through its directing its attorneys

to attempt to collect on debts by filing lawsuits, obtaining judgments, and seeking to have judgments enforced).

In the Declaration of Greg Gerkin, Greg Gerkin fails to distinguish the funds collected on debts owned by Defendant, Midland Funding, LLC. The limitation period for enforcement of a judgment in the Commonwealth of Massachusetts is 20 years (Mass. Gen. Laws ch. 260, § 20 and *Cavadi v. DeYeso*, 941 N.E.2d 23, 26 (Mass. 2011). The amount of money collected per year by Midland Credit Managements, Inc., does not break down the debts that are subject to the class in the Complaint. In addition, Greg Gerkin does not rely on first hand knowledge that he supposedly has access to in his statements, he relies on "information submitted by Midland Credit Management, Inc. to the Massachusetts Division of Banks". Plaintiff does not believe the amount of damages will exceed $5,000,000.00.

The parties' positions, at first blush, may seem out of character, in that the plaintiffs seek to downplay the amount of damages that they seek while the defendants attempt to show how large the potential damages really are. But this reversal in the usual role of plaintiffs and defendants in litigation is not at all unusual in a case in which defendants seek removal under CAFA. And here we conclude that the plaintiffs have the better of the argument as to whether removal is allowed. *Pazol v. Tough Mudder Inc.*, No. 15-1640 (1st Cir. 2016).

This Court should not rely on the Declaration of Greg Gerkin because it is obvious that he does not hold the necessary knowledge needed to prepare an affidavit on behalf of a separate entity, to which he is unaware of their current makeup and functions.

<u>REMAND IS PROPER BECAUSE THIS IS A CLASS ACTION THAT SOLELY INVOLVES A CLAIM RELATION TO THE INTERNAL AFFAIRS OR GOVERNANCE OF A COPORATION OR OTHER BUSINESS ENTITY AND BROUGHT UNDER THE LAWS OF THE STATE</u>

CAFA does not authorize federal jurisdiction over any class action that solely involves a claim relating to the internal affairs or governance of a corporation or other business entity and brought under the laws of the state in which the business entity is organized or incorporated. (28 U.S.C. § 1332(d)(9)(B)).

As stated over and over again in Defendants' Notice of Removal (Paragraphs 7, 14, 16, and 19), the Plaintiff is seeking an order that declaring all judgments obtained by [Midland Funding LLC] against class members from November 6, 2012 through the filing of this action to be null and void and unenforceable. The reason for the November 6, 2012 date is the Defendant, Midland Portfolio Services, Inc., filed a Certificate of Withdrawal with the Commonwealth of Massachusetts on their Foreign Corporation Certificate. Plaintiff is seeking relief which relates to the internal affairs of the Defendant, Midland Funding, LLC, a limited liability company and arise under the laws of Commonwealth of Massachusetts, thereby invoking the internal affairs and governance of a corporation or other form of business enterprise exception to CAFA.

Plaintiff's Amended Complaint has a section entitled "Facts Relating to Defendants' Business Practices, and Relevant Principles of Law". The core of the Plaintiff's argument is Defendant, Midland Funding, LLC, failed internally to govern and conduct business lawfully in the Commonwealth of Massachusetts and they had knowledge of this. Allegations such as: The same officer that signed the Foreign Certificate of Withdrawal filed by Defendant, Midland Portfolio Services, Inc., on November 6, 2012 is the same officer who signed for the Defendant, Midland Portfolio Services, Inc., on the Annual Report filed for Defendant, Midland Funding LLC, on January 2, 2013 for the year of 2013 and it was signed under the penalties of perjury (see paragraphs 70 and 71 of Amended Complaint). The Defendant, Midland Funding, LLC, failed to comply with the general filing requirements set forth by the Corporations Division for the Commonwealth of Massachusetts (paragraph 46 of Amended Complaint).

Defendants failed to mention the core allegations in the Amended Complaint to justify their Notice of Removal and did so in bad faith. In *LaPlant,* the Seventh Circuit explained that the internal affairs exception applies when the claim (1) relates to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders," and (2) cannot be resolved without recourse to a state's corporate law. *LaPlant v. Nw. Mut. Life Ins. Co.,* 701 F.3d 1137, 1139-40, (7th Cir. 2012). Here, the allegation are clearly stated in the Amended Complaint and Plaintiff brought an action in state court seeking declaratory judgment stating that (1) the Defendant, Midland Funding, LLC, failed to comply with Massachusetts state law regarding entity filings and violated Massachusetts state law, and (2) Defendant, Midland Funding, LLC, could not maintain a cause of action in Massachusetts, as a result to the allegations of failure to comply with Massachusetts state law regarding entity filings and violation of Massachusetts state law, against Plaintiff. All other allegations stem from these actions and inactions of the Defendant. The Amended Complaint expressly states the Regulations of the Corporations Division and the statute set forth by the legislative branch that regulates business entities. Plaintiff's action attacks the authority Defendant, Midland Funding, LLC, had in the Commonwealth of Massachusetts to conduct business, after Defendant, Midland Portfolio Services, Inc., filed a Certificate of Withdrawal on November 6, 2012, stating, in relevant parts, the following:

a) The corporation is not transacting business in the commonwealth.

b) The corporation surrenders its authority to transact business in the commonwealth.

c) The corporation revokes the authority of its registered agent to accept service on its behalf.

(see paragraph 21 of the Amended Complaint).

The allegations set forth in the Amended Complaint are that Defendant, Midland Funding, LLC continued conducting business in the Commonwealth after November 6, 2012. Under 950

CMR 112.06 (7) (a) "A *foreign entity that is a manager* of a domestic limited liability company or *of a foreign limited liability company doing business in the Commonwealth, must* register to do business with the Corporations Division by filing an Application for Registration pursuant to M.G.L. c.109, § 49, M.G.L. c. 156C, § 48, M.G.L. c. 156D, § 15.03 and M.G.L. c. 182." (emphasis added). Under 950 CMR 112.02: LIMITED LIABILITY COMPANIES: Manager means "a person designated in the operating agreement or otherwise of a manager-managed limited liability company that is responsible alone or in concert with other managers for the management and conduct of the activities of the company." Under 950 CMR 112.23: Foreign Limited Liability Companies: Amendment to Registration "(1) *If any statement in the application for registration of a foreign limited liability company* was false when made or a*ny arrangement or other facts described have changed, making the application inaccurate in any respect, the foreign limited liability company shall promptly file with the Division a certificate signed and sworn to by an authorized person correcting or amending such statement.*" (2) The application for registration *shall be amended by filing an amended registration certificate.* (paragraphs 11, 12 and 33 of the Amended Complaint). Under 950 CMR 112.01, The Corporations Division, which is under the supervision of the Secretary of the Commonwealth administers the provisions of Massachusetts General Laws pertaining to limited liability companies. The chief executive officer of the Corporations Division has the title, "Director of the Corporations Division". The Director may, subject to the approval of the Secretary, make, amend and rescind such rules, forms and orders as are contemplated by the provisions of the Massachusetts General Laws and are necessary to carry out their purposes. Here, the allegations are directly tied to Massachusetts' Corporation and Limited Liability Laws regarding their actions and inactions against the responsibilities set forth in the applicable laws. A corporation's articles of organization and by-laws, together with State corporation law, "regulate the manner in which a company's officers and directors must conduct

the company's business." *ER Holdings, Inc. v. Norton Co.*, 735 F. Supp. 1094, 1097 (D.Mass. 1990).

M.G.L. c. 156C, Section 54 provides in pertinent part: "[N]o action shall be maintained or recovery had in any of the courts of the commonwealth by the foreign corporation as long as such failure [to register] continues." During time relevant to this complaint, Defendant, Midland Funding LLC, was required to file a certificate of cancellation, on their Application for Registration, the moment their sole manager or member, Defendant, Midland Portfolio Services, Inc., filed a Certificate of Withdrawal on November 6, 2012, which effectively cancelled Defendant, Midland Funding LLC's, Application for Registration. (Paragraph 82 of the Amended Complaint). M.G.L. c. 156C, Section 16 provides in pertinent part: "(a) If a person required to execute a certificate required by this chapter fails or refuses to do so, any other person who is adversely affected by the failure or refusal may petition the superior court department of the trial court to direct the execution of the certificate. If the court finds that the execution of the certificate is proper and that any person so designated has failed or refused to execute the certificate, it shall order the state secretary to record an appropriate certificate." Once decided by the Superior Court of the Trial Court of the Commonwealth of Massachusetts, as stated in the statute, corporate law will dictate as to whether Defendants properly registered with the Corporations Division of the Commonwealth of Massachusetts and if the actions brought by Defendants are void and unenforceable and illegal. Here, resolution of this action in every way requires recourse through Massachusetts corporate law. Here, the suit involved the authority of Defendant, Midland Funding, LLC's, sole owner, Defendant, Midland Portfolio Services, Inc., to manage and conduct business in the Commonwealth of Massachusetts against the corporate laws of the Commonwealth of Massachusetts. Plaintiff is suing for Defendant, Midland Funding, LLC, for failure to comply with the general filing requirements set forth by the Corporations Division, the Defendant,

Midland Funding, LLC, lack of ability to lawfully conduct business in the Commonwealth of Massachusetts and the damage Defendant, Midland Funding, LLC, caused Plaintiff with their actions and inactions with the Corporations Division filings. Here, the allegations in the Amended Complaint are clear that they relate to the inner affairs and corporate governance of Defendant, Midland Funding, LLC.

Plaintiff moves for remand based on CAFA's discretionary exception, which permits this Court, "in the interests of justice and looking at the totality of the circumstances, [to] decline to exercise jurisdiction . . . based on consideration of "six enumerated factors. 28 U.S.C. § 1332(d)(3). This exception is intended to "reserv[e] to the States primarily local matters," while letting "federal courts decide interstate cases of national importance." *West Virginia ex rel. McGraw v. CVS Pharm., Inc.,* 646 F.3d 169, 178 (4th Cir. 2011) (internal quotation marks and citation omitted). This case does not involve matters of national interest. The Amended Complaints makes it clear that this case has to do with the Regulations of the Corporations Division of the Commonwealth of Massachusetts, the citizens of the Commonwealth of Massachusetts and the judgments of the Commonwealth of Massachusetts.

### THIS IS SIMPLY PUT, A PURELY LOCAL MATTERS WITH JURISDICTION IN SUPERIOR COURT OF THE TRIAL COURTS OF MASSACHUSETTS

Under 156C, Section 16. (a) If a person required to execute a certificate required by this chapter fails or refuses to do so, any other person who is adversely affected by the failure or refusal may petition the superior court department of the trial court to direct the execution of the certificate. If the court finds that the execution of the certificate is proper and that any person so designated has failed or refused to execute the certificate, it shall order the state secretary to record an appropriate certificate. Here, the allegations are that the Defendant, Midland Funding LLC,

failed to and refused to file a certificate of cancellation. The Commonwealth provided the superior court department of the trial court the authority, and no other courts.

    For the foregoing reasons, Member Plaintiffs respectfully request that the Court remand the case to the Suffolk Superior Court.

                          Respectfully submitted,

                          Karen Venditto, Plaintiff,
                          By her attorneys,
                          /s/ Michael Satterwhite

                          Philip Schreffler, BBO: 691320
                          Michael Satterwhite BBO: 686937
                          The Satterwhite Law Firm, P.C.
                          PO Box 569
                          Revere, MA 02151
                          (781)-629-4829
                          Pschreffler@maslawfirmpc.com
                          MSatterwhite@maslawfirmpc.com

Dated: 01/30/2018