United States District Court
District of Massachusetts

```
─────────────────────────────────
                                  )
Karen Venditto, individually and  )
on behalf of all other persons    )
similarly situated,               )
                                  )
          Plaintiff,              )      Civil Action No.
                                  )      18-10020-NMG
          v.                      )
                                  )
Midland Funding LLC and Midland   )
Portfolio Services, Inc.,         )
                                  )
          Defendants.             )
─────────────────────────────────)
```

MEMORANDUM & ORDER

GORTON, J.

    This is a putative class action brought by Karen Venditto
("Venditto" or "plaintiff") on behalf of Massachusetts residents
who were subject to attempts by Midland Funding, LLC ("the LLC"
or) to collect consumer debt that it had acquired.  Venditto
submits that judgments that the LLC obtained against the
plaintiffs are invalid because the LLC's sole member and
manager, Midland Portfolio Services, Inc. ("MPS") was not
registered to do business in Massachusetts.  Based on that
theory, plaintiff asserts claims of unjust enrichment, fraud,
negligent misrepresentation and violations of M.G.L. c. 93A.  In
addition, the complaint seeks declaratory and injunctive relief.

Pending before the Court are plaintiff's motion to remand and defendants' motion to dismiss.

I.   **Background**

Karen Venditto is a Massachusetts resident who at all relevant times lived in Revere.  Midland Funding, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business in San Diego, California.  It has no employees and serves as a holding company for Midland Portfolio Services, Inc., which is the LLC's sole member.  The LLC is one of the nation's largest buyers of unpaid debt and purchases accounts with an unpaid balance.  MPS is a Delaware corporation that also has a principal place of business in San Diego, California.

In July, 2014, the LLC obtained a state-court default judgment against plaintiff arising from the alleged non-payment of credit card debt.  At all relevant times, the LLC had been registered as a foreign limited liability company in Massachusetts and deemed in good standing by the Secretary of the Commonwealth.  The plaintiff's complaint impugns the registration status of MPS at the time of that state court judgment.

In November, 2012, MPS filed a certificate of withdrawal with the Secretary of the Commonwealth in which it stated that 1) the corporation was not transacting business in the

Commonwealth, 2) it surrendered its authority to transact business in the Commonwealth and 3) it revoked the authority of its registered agent to accept service on its behalf.  Plaintiff insists that the LLC should also have filed a certificate of cancellation in response to that notice of withdrawal because MPS was the sole member of the LLC.

The essence of plaintiff's complaint is that the certificate of withdrawal submitted by MPS rendered all activities taken by the LLC unlawful.  Therefore, Venditto submits, the 20 million dollars plus collected in 2013 on debts owned by the LLC was collected in violation of common and statutory law.

Plaintiff brings her action on behalf of all Massachusetts residents against whom the LLC attempted to collect consumer debts acquired by the LLC between November, 2012, and December, 2017.

Venditto filed this action in the Massachusetts Superior Court for Suffolk County in December, 2017.  Defendants removed the action to this Court in January, 2018, contending that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(4).

## II.  <u>Standing</u>

As a preliminary matter, this Court must determine whether the present case presents a case or controversy within the

meaning of Article III of the United States Constitution.
Defendants did not challenge plaintiff's standing in their
motion to dismiss or their opposition to plaintiff's motion to
remand.   Nonetheless, plaintiff briefed the issue in her
opposition to the motion to dismiss and defendants seized on it
in their reply memorandum.

   In the normal course, a legal argument raised for the first
time in a reply brief is considered waived for the purpose of
the instant motion. NExTT Sols., LLC v. XOS Techs., Inc., 113 F.
Supp. 3d 450, 458 (D. Mass. 2015).   Federal courts, however,
have "an independent obligation to assure that standing exists,
regardless of whether it is challenged" by the parties. Summers
v. Earth Island Inst., 555 U.S. 488, 499 (2009) (citation
omitted).

   The "irreducible constitutional minimum of standing"
requires that a plaintiff 1) suffered an injury in fact, 2)
fairly traceable to the actions of the defendant that is 3)
likely to be redressed by a favorable judicial decision. Spokeo,
Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016).   Those elements are
easily satisfied in this case.

   Plaintiff alleges that she wrongfully paid funds to the LLC
(injury), based on the defendant's failure to conform with
Massachusetts registration requirements (causation) that would

be remedied if this Court granted her injunctive relief or money damages (redressability).  She has standing to bring this case.

### III. **Motion to remand**

Plaintiff asserts that this case should be remanded to the Massachusetts Suffolk Superior Court for lack of subject matter jurisdiction.  Defendants respond that the case satisfies the amount-in-controversy requirement of CAFA and that the "internal affairs" exception to CAFA does not apply.

Any case removed from state court shall be remanded if at "any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removal statute is to be strictly construed and defendants have the burden of demonstrating the existence of federal jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

#### A. Amount-in-controversy

CAFA provides for the removal to federal court of class actions filed in state court if they satisfy the minimal diversity and class size requirements of the statute and have more than $5 million in controversy, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d), 1441(b), 1446(c), 1453; Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 42-43 (1st Cir. 2009).  The only CAFA requirement at issue in this case is

whether or not the amount in controversy exceeds the
jurisdictional threshold.

Determining whether a case belongs in federal court should
be done quickly, "without an extensive fact-finding inquiry",
Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001), and
there is a "general rule of deference to the plaintiff's chosen
forum." Amoche, 556 F.3d at 50 (citation omitted).  Thus, any
doubts should be resolved in favor of remand because the court
has "a responsibility to police the border of federal
jurisdiction." Spielman, 251 F.3d at 4.

Where the complaint does not contain specific damage
allegations, the removing defendant must show there is a
reasonable probability that the amount in controversy exceeds
the $5 million threshold at the time of removal. Amoche, 556
F.3d at 43, 51.  Defendants have submitted a declaration from
Greg Gerkin, corporate counsel for Midland Credit Management,
Inc.  indicating that 1) the LLC is a wholly owned subsidiary of
MPS, which, in turn, is a wholly owned subsidiary of Midland
Credit Management, Inc. and 2) in the calendar year 2013,
Midland Credit Management, Inc. collected over $21,000,000 from
Massachusetts residents for debts owned by the LLC.  Given that
the putative class in this case includes all Massachusetts
residents against whom the LLC attempted to collect debt
acquired by the LLC after default between November, 2012, and

-6-

December, 2017, Gerkin's statement alone, made under pains and penalties of perjury, suffices to create a reasonable probability that more than $5,000,000 is at stake in this case. See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 82 (1st Cir. 2014). Plaintiff's complaint satisfies the amount-in-controversy requirement.

### B.   Internal affairs exception

Plaintiff's second, and more imaginative, theory is that this action falls into the "internal affairs" exception to CAFA jurisdiction.

A class action may not be removed under CAFA if it

> solely involves . . . a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized.

28 U.S.C. § 1453(d)(2); 28 U.S.C. § 1332(d)(9)(B).

Plaintiff submits that because the essential nucleus of fact of this dispute involves the LLC's registration status in the Commonwealth of Massachusetts, her claim involves the defendants' failure "internally to govern and conduct business lawfully." This creative argument is unavailing.

The First Circuit Court of Appeals ("First Circuit") has not had occasion to interpret the "internal affairs" exception to CAFA but the Seventh Circuit has. See LaPlant v. Nw. Mut.

Life Ins. Co., 701 F.3d 1137, 1139 (7th Cir. 2012).  It adopted the term's

> ordinary meaning, which the Supreme Court restated [as] matters peculiar to the relationships among or between the corporation and its current officers, directors and shareholders.

Id. at 1139-40 (quoting Edgar v. MITE Corp., 457 U.S. 624, 645 (1982)) (internal quotation marks omitted).

This Court agrees with (and adopts) that definition. Here, the dispute does not involve the relationship among and between the corporation, its officers, directors and shareholders.  Rather, the dispute is between a corporation and its holding company, on the one side, and individuals whose debt is held by that holding company on the other.  The claims in plaintiff's complaint include fraud and violation of the Massachusetts Consumer Protection Law.  The action does not involve a claim that solely relates to the internal affairs or governance of Midland Funding, LLC or Midland Portfolio Services, Inc.  See id. at 1140-41.

CAFA's internal affairs exception does not apply and federal jurisdiction over this action is proper.  Plaintiff's motion to remand will be denied.

### IV.  **Motion to dismiss**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. at 678 (citing Twombly, 550 U.S. at 555). Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

### A.   Count I - Declaratory judgment

Venditto seeks a declaratory judgment from this Court. Although the complaint is difficult to comprehend, apparently plaintiff requests that this Court declare invalid all judgments obtained by the LLC in Massachusetts courts during the relevant time period.  She requests a judgment from this Court declaring, inter alia, all judgments obtained by defendant against the class members "null and void and unenforceable" and "all monies collected by defendant . . . illegal."

This Court lacks subject matter jurisdiction to entertain plaintiff's request. See Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 n. 1 (1st Cir. 2003) (explaining that Rooker-Feldman doctrine is jurisdictional in nature).  Because the Supreme Court is the only federal court empowered to hear direct appeals of state court decisions,

> federal district courts lack jurisdiction over federal
> complaints that essentially invite federal courts of first
> instance to review and reverse unfavorable state-court
> judgments.

Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 20 (1st Cir. 2005) (internal quotations, modifications, and citations omitted).

> That so-called "Rooker-Feldman" doctrine applies where
>
> the losing party in state court filed suit in federal court
> after the state court proceedings ended, complaining of an
> injury caused by the state-court judgment and seeking
> review and rejection of that judgment.

-10-

Id. at 23-24 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

Those elements are present here. Venditto was the losing party in state court in 2014. She filed this suit in 2017. She complains of an injury caused by the state court default judgment and asks this court to declare that judgment null and void because the LLC was not a properly registered business at that time. There is, however, one issue in dispute. Venditto did not "file[] suit in federal court". She filed in state court and the case was removed.

The axiom animating the Rooker-Feldman doctrine is that Congress has only empowered one federal court, namely the Supreme Court, "appellate authority to reverse or modify a state-court judgment." Exxon Mobil, 544 U.S. at 284 (quoting Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923)) (internal quotation marks omitted). Bearing that principle in mind, this Court lacks jurisdiction over plaintiff's request for declaratory judgment because she asks this Court to exercise appellate authority which it does not possess.

The relevant inquiry pertains to the authority invoked, not the intention of the plaintiff, so it is immaterial that this case was removed from state court instead of filed in federal court. Cf. id. at 291 (observing that Rooker-Feldman "precludes a United States district court from exercising subject-matter

jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)).

Faced with a class action that was removed under the expanded diversity jurisdiction created by CAFA, the Seventh Circuit remarked that "today no one doubts that [Rooker-Feldman] is equally applicable to diversity litigation" including CAFA's extension of diversity jurisdiction. Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 818 (7th Cir. 2010) ("The petitions for leave to appeal question whether the Rooker-Feldman doctrine applies to proceedings under the Class Action Fairness Act.  It does."); cf. Khath v. Midland Funding, LLC, No. CV 14-14184-MLW, 2016 WL 1275606, at *3 (D. Mass. Mar. 30, 2016) (concluding that an unjust enrichment claim was not barred by Rooker-Feldman because "it would not vacate [state court] judgments").

Because plaintiff's request for a judgment declaring her 2014 judgment "null and void and unenforceable" would require this Court to exercise appellate authority on a direct appeal from a state court, this Court lacks jurisdiction over that claim under the Rooker-Feldman doctrine.

## B. Count II - Unjust enrichment

Plaintiff alleges that the LLC was unjustly enriched when she was required to make payments to it based on an unlawfully

-12-

obtained state court judgment.  According to Venditto, the LLC would not have received such funds but for its "actions unlawfully taken in the courts of the Commonwealth."

Massachusetts courts define unjust enrichment as retention of "money or property of another against the fundamental principles of justice or equity and good conscience." Shea v. Cameron, 92 Mass. App. Ct. 731, 740, review denied, 479 Mass. 1105 (2018) (citation omitted).  The fact that a party has "benefited from another is not of itself sufficient to require the other to make restitution therefor." Keller v. O'Brien, 425 Mass. 774, 778 (1997) (quotation omitted).

Although the LLC was enriched at Venditto's expense, her payment of funds to the LLC cannot be deemed unjust.  Venditto does not dispute that she owed the underlying debt.  The standard for unjust enrichment is based on the reasonable expectations of the parties. Santagate v. Tower, 64 Mass. App. Ct. 324, 336 (2005).  Even if MPS's 2012 certificate of withdrawal had rendered the LLC in violation of Massachusetts law, it would not be unjust to require a consumer repay a loan she knowingly borrowed, nor would it be reasonable for her to expect to avoid a financial obligation because of a filing discrepancy obligation of which she almost certainly had no knowledge.

Because plaintiff has failed to state a claim for unjust enrichment, defendants' motion to dismiss, with respect to Count II, will be allowed.

### C. Fraud and negligent misrepresentation

Under Massachusetts law, a court determines whether to apply the contract or the tort statute of limitations based on the "essential nature" of a party's claim. Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 636 (1992).  Here, plaintiff claims that she did not have "all lawful defenses" available to her during her state court litigation.  Her fraud and negligent misrepresentation claims are therefore tort claims subject to a three-year limitation period. M.G.L. c. 260, § 2A; Salois v. Dime Sav. Bank of New York, FSB, 128 F.3d 20, 24 (1st Cir. 1997).

A cause of action accrues when the plaintiff knew or should have known about the alleged fraudulent or deceitful act. Albrecht v. Clifford, 436 Mass. 706, 714 (2002).  Here, plaintiff alleges that purported misrepresentations occurred when the LLC filed a lawsuit in May, 2014, and collected a default judgment against plaintiff in July, 2014, without disclosing MPS's 2012 certificate of withdrawal.  That certificate of withdrawal is a publicly available document that was accessible to plaintiff at the time the suit was filed and at the time the default judgment was entered.

-14-

The LLC did not owe a fiduciary duty to the plaintiffs and MPS, by publicly filing a certificate, cannot be said to have fraudulently concealed the information, thus there is no reason to toll the statute of limitations. Passatempo v. McMenimen, 461 Mass. 279, 295 (2012).  Plaintiff should have known of the MPS certificate in July, 2014 but this action was not commenced until December, 2017, more than three years later.  Her action is time-barred and plaintiff's counsel has made no plausible argument to the contrary. Cf. Farnsworth v. Towboat Nantucket Sound, Inc., 790 F.3d 90, 97 n.8 (1st Cir. 2015) ("[T]he argument is entirely cursory and so waived.").

Because plaintiff's fraud and negligent misrepresentation claims are time-barred, defendants' motion to dismiss, with respect to Counts III & IV, will be allowed.

### D.   Chapter 93A

Chapter 93A makes it unlawful for a party to engage in an "unfair method of competition" or an "unfair or deceptive act or practice." M.G.L. c. 93A, § 2.  Proponents of such claims must prove they have suffered a tangible loss as a result of the unfair or deceptive conduct. Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 56 (1st Cir. 1998).

To determine whether a particular practice is unfair, courts examine

> Whether the practice ... is within at least the penumbra of
> some common-law, statutory or other established concept of
> unfairness; (2) whether it is immoral, unethical,
> oppressive, or unscrupulous; [and] (3) whether it causes
> substantial injury to consumers . . . .

Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552
F.3d 47, 69 (1st Cir. 2009).

The lodestar of Chapter 93A claims is whether the
defendant's actions "would raise an eyebrow of someone inured to
the rough and tumble of the world of commerce." Levings v.
Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979) (Kass,
J.).

To prove a Chapter 93A claim, "it is neither necessary nor
sufficient that a particular act or practice" violate common or
statutory law. Mass. Eye & Ear Infirmary, 552 F.3d at 66; cf.
Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 763 (1989)
(explaining that a plaintiff must show unfair or deceptive acts
over and above a breach of contract to demonstrate a violation
of Chapter 93A).

Plaintiff cannot carry her burden.

Venditto cites no authority for the proposition that the
filing of a certificate of withdrawal by MPS while serving as a
manager and member of the LLC is unfair or deceptive.  Indeed,
Venditto concedes that she can cite no case law asserting that
an otherwise properly registered LLC loses its certificate of
registration by virtue of its member failing to register as a

-16-

foreign corporation.  Plaintiff is even less forthcoming as to how defendants' conduct was "immoral, unethical, oppressive, or unscrupulous." Cf. Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 166 (1st Cir. 2018) (failure to modify loan, without contractual or statutory obligation to do so, not Chapter 93A violation); Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165, 176 (2013) ("[V]ery few" building code violations will give rise to violations of c. 93A [] because they would lack the unfairness or deceptiveness present in this case . . . ."); Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 778 F. Supp. 2d 109, 115 (D. Mass. 2011) ("A breach of contract, without more, does not constitute a violation of Chapter 93A.") (citation omitted).

Finally, plaintiff has not alleged that the failure to register by a corporation that is the sole member of an LLC and itself has no privity with the plaintiff, causes substantial injury to consumers.  A tenuous error does not constitute a Chapter 93A violation. See Baena v. KPMG LLP, 453 F.3d 1, 3 (1st Cir. 2006).

Because plaintiff has failed to state a Chapter 93A claim upon which relief can be granted defendants' motion to dismiss, with respect to Count V, will be allowed.

**ORDER**

For the foregoing reasons, plaintiff's motion to remand

(Docket No. 8) is **DENIED**.   Defendants' motion to dismiss (Docket

No. 9) is **ALLOWED**.


**So ordered.**


                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated September 7, 2018